UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE LERNOUT & HAUSPIE ) <br> SECURITIES LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) <br> ) | CIVIL ACTION NO. <br> 00-11589 (PBS) |

## AFFIDAVIT OF ANYA VERKOVSKAYA IN SUPPORT OF DISTRIBUTION OF THE NET SETTLEMENT FUNDS

I, Anya Verkhovskaya, being duly sworn, declare as follows:

1.  I am the Senior Vice President for A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data") in Milwaukee, Wisconsin and New York, New York. My business address is 4057 North Wilson Drive, Milwaukee, Wisconsin 53211. My direct telephone number is (414) 963-6441.

2.  I submit this Affidavit in connection with the claims administration programs for the consolidated action entitled *In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court for the District of Massachusetts, at the request of Lead Plaintiffs' Counsel. This Affidavit is based upon my personal knowledge and upon information provided by Lead Counsel, my associates and staff, in support of Plaintiffs' Motion for an Order Authorizing Final Distribution of the Net Settlement Funds.

### DISSEMINATION OF NOTICE AND PROOF OF CLAIM AND RELEASE

3.  Partial Settlements of this Action with a value of $120,520,000 in cash were proposed pursuant to the Stipulations and Agreement of Settlements (the "Stipulations"). Lead Plaintiffs' Counsel has agreed to coordinate the distribution of both the KPMG and the FLV and Directors funds.

4.  Pursuant to this Court's orders dated October 13, 2004 (KPMG), December 6, 2004 (Directors) March 16, 2005 (FLV), and March 25, 2005 (Directors), Lead Counsel was authorized to retain A.B. Data to disseminate the Court-approved Notice of Proposed Settlement of Class Action with KPMG

Page 1 of 19

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

LLP, Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren and Paul Behets, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and Proof of Claim and Release form ("Notice Packet 1"), and the Notice of Pendency of Class Action, Proposed Partial Settlement of Class Action with Certain Officer and Director Defendants and Flanders Language Valley Fund C.V.A., Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expense and Proof of Claim and Release form ("Notice Packet 2") to Class Members, as well as to provide claims and Settlement Fund administration services.

5. As more fully described in the Affidavit of Lakeeta King in Support of the Application for the Final Approval of the [KPMG] Settlement submitted to the Court on December 7, 2004, (the "Lakeeta King December 7, 2004, Affidavit") and Affidavit of Lakeeta King submitted to the Court in Support of the Application for the Final Approval of the [FLV and the Directors'] Settlements submitted to the Court on May 16, 1005 (the "Lakeeta King May 16, 2005, Affidavit"), A.B. Data distributed Notice Packet 1 to 82,819 potential members of the Class commencing on October 22, 2004, and Notice Packet 2 to 94,198 potential members of the Class commencing on April 1, 2005.

6. As of March 1, 2007, a total of 99,381 Notice Packets 1 and 100,205 Notice Packets 2 were distributed.

7. As of March 1, 2007, A.B. Data has received a total of 5,643 pieces of Notice Packets 1 and 6,700 Notice Packets 2 Undeliverable as Addressed ("UAA"). 1,206 UAA Notice Packets 1 and 467 UAA Notice Packets 2 had forwarding addresses on file with the United States Postal Service ("USPS") and were re-mailed. A total of 4,437 Notice Packets 1 and 6,233 Notice Packets 2 remain UAA.

8. From October 25, 2004, through March 1, 2007, the Lernout Settlement website received 344,470 hits and was visited by 29,240 visitors. In addition, the following documents were downloaded:

    a. 4,381 times - KPMG Settlement Notice in English;

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

    b.    6,504 times - FLV and Directors Settlements Notice in English;

    c.    13,752 times - KPMG Settlement Claim form in English;

    d.    100,240 times - FLV and Directors Settlements Claim form in English;

    e.    2,619 times - KPMG Settlement Summary Notice in English;

    f.    2,829 times - KPMG Settlement Summary Notice in Flemish;

    g.    1,142 times - FLV and Directors Settlements Summary Notice in English; and

    h.    13,092 times - Order and Final Judgment in English in the KPMG Settlement.

9. From October 22, 2004, through March 1, 2007, A.B. Data received 4,837 telephone calls.

10. Since the Lakeeta King May 16, 2005 Affidavit was filed with this Court, A.B. Data has uncovered two additional requests for timely exclusion. These requests for exclusion are attached as Exhibit A.

11. Furthermore, A.B. Data contracted *The Wall Street Journal* to publish the KPMG Settlement Publication Notice in its American national edition and in its European edition on October 22, 2004. A.B. Data also contracted with Publitas North America, United States representative for the Dutch Flemish publication, *De Tijd* to publish the KPMG Settlement Publication Notice in *De Tijd* on October 27, 2004. In addition, A.B. Data contracted with *The Wall Street Journal* to publish the FLV and Directors' Settlements Summary Notice in its American National Edition on March 30, 2005. On or about October 25, 2004, A.B. Data commenced posting and uploading case-related documents to the website that was established to provide potential Class Members the details of the Settlements and information about how to file a claim. On October 25, 2004, the website was submitted to the search engine at www.google.com and Plaintiffs' and Defense Counsels were notified of the posting. On or about October 22, 2004, a toll-free number, (866) 828-2348, was established for callers from the United and States and Canada, and a regular line number, (414) 963-6490, was established for callers from other countries.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

12. On or about July 14, 2005, A.B. Data mailed via First Class Mail, postage prepaid, 59,132 postcards (approved by Lead Plaintiff's Counsel) to all individuals and entities whose names and addresses were submitted to A.B. Data in connection with this consolidated Action. The postcard served as a reminder to the members of the Class to file Proof of Claim and Release forms and clarified the difference between the Settlements.

## PROCEDURES FOLLOWED IN PROCESSING CLAIMS

13. Under the terms of the Stipulations and as set forth in Notice Packet 1 and Notice Packet 2, Class Members were required to submit the KPMG Settlement Proof of Claim and Release form ("KPMG Claim Form") no later than March 31, 2005, and FLV and the Directors' Settlements Proof of Claim and Release ("FLV and Directors Claim Form") no later than July 22, 2005, in order to obtain their share of the Net Settlement Fund. Class Members seeking to share in the distribution of the Net Settlement Fund were directed in Notice Packets 1 and 2 to submit their Claim Forms to: Lernout & Hauspie Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217-8041.

14. A.B. Data received 14,343 KPMG Claim Forms and 12,088 FLV and Directors Claim Forms. A.B. Data processed the Claim Forms received in accordance with the terms outlined in the Stipulations and as set forth in Notice Packets 1 and 2. In processing the Claim Forms, A.B. Data performed the following activities:

    a. Conferred with Lead Counsel through numerous telephone and email conversations to define guidelines for the evaluation of the Claim Forms;

    b. Sorted, date-stamped, and bar-coded incoming mail into Claim Forms and administrative mail (which includes all mail other than Claim Forms and supporting documentation and responses to Deficiency Letters, such as requests for Claim Forms, requests for change of address, questions regarding the administration process, or questions regarding the status of the claims administration process);

Page 4 of 19
Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

c.  Entered the information from each Claim Form, including the name, address, Taxpayer Identification Number or Social Security Number of the Claimant, and the purchase and sale transactions listed on the Claim Form, into a computerized database;

d.  Scanned all Claim Forms and administrative mail into a secure database and stored all original documentation off-site as part of a disaster recovery plan;

e.  Maintained case specific correspondence with potential Claimants, banks, brokers and other nominees;

f.  Reviewed the documentation provided in support of each claim to ascertain whether the Claimant had in fact purchased shares of Lernout & Hauspie common stock during the Class Period;

g.  Translated correspondence received in foreign languages;

h.  Converted various currencies into United States Dollars using appropriate conversion rates;

i.  Reviewed the Claim Forms to be sure they were not submitted by the Defendants; the members of the immediate family of each Individual Defendant; any entity in which any Defendant has a controlling interest; any person who was an officer or director of Lernout & Hauspie during the Class Period; and the legal representatives, heirs, successors or assigns of any such excluded party, to the extent that the identities of such persons or entities are known to A.B. Data through the list of Defendants and through the Claimant's certification on the Claim Form;

j.  Developed, generated and mailed Deficiency Letters and Rejection Letters to Claimants;

k.  Processed responses to the Deficiency and Rejection Letters;

l.  Responded to telephone calls from Claimants and other potential Class Members;

m.  Conducted audits of the database and Claim Form processing to ensure accuracy;

Page 5 of 19
Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

    n.    Developed a loss calculation flow chart in accordance with the Court-approved Plan of Allocation; and

    o.    Calculated the amount of loss per accepted claim pursuant to the KPMG Plan of Allocation (the "Claim Amount") as found on pages 9 through 11 of the Notice and the FLV and Directors Plan of Allocation as found on pages 13 through 15 of the Notice.

## THE DEFICIENCY PROCESS

15.    Beginning on November 28, 2005, A.B. Data mailed 8,044 Deficiency Letters and 8,169 Rejection Letters via First Class Mail for the KPMG Settlement. Beginning on September 22, 2006, A.B. Data mailed 3,527 Deficiency Letters and 7,149 Rejection Letters via First Class Mail for the FLV and Directors Settlements.

    a.    Where a Deficiency Letter was sent, each Claimant was notified that unless the deficiency was corrected by the date set forth in the Letter, his, her or its claim would be entirely rejected if he, she or it had not supplied the required documentation or filing information for any transaction, or the claim was otherwise deficient; and

    b.    Claimants who submitted claims that showed that they were ineligible to participate in the Settlement distribution were sent a Rejection Letter. Claimants who submitted duplicate Claim Forms were also sent Rejection Letters rejecting the duplicate claim(s). All of the Claimants who were sent Rejection Letters were advised of their right to have this Court review A.B. Data's administrative determination.

16.    <u>Deficiency Letters 1 for the KPMG and the FLV and Directors Settlements</u>, attached herewith as Exhibit B, were mailed via First Class Mail to 7,136 KPMG Claimants and 2,844 FLV and Directors Claimants who supplied incomplete documentation to support the information stated on their Claim Forms. Corrections of those deficiencies were requested to be submitted to A.B. Data within twenty days of the date of the letters.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

17. <u>Deficiency Letters 2 for the KPMG and the FLV and Directors Settlements</u>, attached herewith as Exhibit C, were mailed via First Class Mail to 517 KPMG Claimants and 332 FLV and Directors Claimants who did not sign their Claim Forms. The Claimants were directed to sign their Claims Forms and return the corrected documentation to A.B. Data by January 30, 2006 and October 11, 2006 respectively.

18. <u>Deficiency Letters 3 for the KPMG and the FLV and Directors Settlements,</u> attached herewith as Exhibit D, were mailed via First Class Mail to 76 KPMG Claimants and 44 FLV and Directors Claimants who filed on behalf of a deceased Class Member and who did not attach the required documentation to support his or her claim to the deceased Class Member's potential award. The Claimants were directed to correct the deficiency and return the corrected documentation to A.B. Data by January 30, 2006 and October 11, 2006 respectively.

19. <u>Deficiency Letter 4 for the KPMG and the FLV and Directors Settlements</u>, attached herewith as Exhibit E, was mailed via First Class Mail to 315 KPMG Claimants and 307 FLV and Directors Claimants who did not include the full name of all individuals listed on the account and/or the supporting documentation did not include the full name of the account. The Claimants were directed to correct the deficiency and return the corrected documentation to A.B. Data by March 17, 2006 and October 11, 2006 respectively.

20. <u>Rejection Letters 1 for the KPMG and the FLV and Directors Settlements</u>, attached herewith as Exhibit F, were mailed via First Class Mail beginning on November 11, 2005 and September 22, 2006, to 4,327 KPMG Claimants and 3,750 FLV and Directors Claimants who did not meet the requirements for participation in the distribution of the Net Settlement Fund. The Claimants were directed to memorialize in writing their objections, if any, to A.B. Data's determination and submit those written objections within 20 days of the date of the letter.

21. <u>Rejection Letters 2 for the KPMG and the FLV and Directors Settlements</u>, attached herewith as Exhibit G, were mailed via First Class Mail beginning on November 11, 2005 and September 22, 2006,

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

to 249 KPMG Claimants and 759 FLV and Directors Claimants who submitted duplicate Claim Forms. The Claimants were directed to memorialize in writing their objections, if any, to A.B. Data's determination and submit those written objections within 20 days of the date of the letter.

22. <u>Rejection Letter 3 for the KPMG Settlement,</u> attached herewith as Exhibit H, was mailed via First Class Mail beginning on March 14, 2006 to 1 KPMG Claimant who previously submitted a request for exclusion for the same beneficial owner. The Claimant was directed to memorialize in writing their objections to A.B. Data's determination, if any, within 20 days of the date of the letter.

23. <u>Rejection Letter 3 for the FLV and Directors Settlements,</u> attached herewith as Exhibit I, was mailed via First Class Mail beginning October 24, 2006 to 2,639 FLV and Directors Claimants who failed to adequately cure deficiencies with their Claim. The Claimants were directed to memorialize in writing their objections to A.B. Data's determination, if any, and submit those written objections by September 6, 2006.

24. <u>Rejection Letter 4 for the KPMG Settlement,</u> attached herewith as Exhibit J, was mailed via First Class Mail beginning October 24, 2006 to 3,593 KPMG Claimants who failed to adequately cure deficiencies with their Claim. The Claimants were directed to memorialize in writing their objections to A.B. Data's determination, if any, and submit those written objections by November 14, 2006.

25. <u>Rejection Letter 4 for the FLV and Directors Settlements</u>, attached herewith as Exhibit K, was mailed via First Class Mail beginning on October 12, 2006 to 1 FLV and Directors Claimant who previously submitted a request for exclusion for the same beneficial owner. The Claimant was directed to memorialize in writing their objections to A.B. Data's determination, if any, within 20 days of the date of the letter.

26. In addition, pursuant to the NOTICE REGARDING ELECTRONIC FILES on page 2 of both the KPMG and FLV and Directors' Proof of Claim and Release forms, an Electronic Filing Confirmation Letter, attached as Exhibit L, was sent to 49 entities from the KPMG Settlement and 45 for the FLV and Directors Settlement via First Class Mail, postage prepaid, on February 9, 2006 and

August 15, 2006, respectively, that filed electronic claims, confirming the number of electronic claim files received and stating their corresponding claims and account numbers.

27. A.B. Data received a total of 104 objections from KPMG Claimants and 97 FLV and Directors Claimants objecting to their rejected status. A.B. Data contacted these Claimants by telephone and resolved all but 13 Claimants' objections. Either <u>Follow-up Letter 1 or 2</u>, attached herewith as Exhibit M, was mailed via First Class Mail to 184 Claimants to confirm resolution of their objections.

## CLAIMS CALCULATIONS AND QUALITY ASSURANCE REVIEW

28. Claim Amounts were calculated for claims that were properly filed and supported with adequate documentary evidence.

29. An integral part of the claims administration process is the quality assurance review. In particular, after all of the claims were processed, Deficiency and/or Rejection Letters mailed, and the Claimants' responses were reviewed and processed, managers in A.B. Data's Claims Processing Department performed the following quality assurance reviews to ensure correctness and completeness of all of the Claim Forms processed prior to preparing A.B. Data's final documents in support of distribution:

   a. Verified that all Claim Forms had authorized signatures;

   b. Verified that true duplicate Claim Forms were identified, verified and rejected;

   c. Verified that otherwise "valid" claims that did not have proper Social Security and/or Tax Identification Numbers were "flagged" in the computer system to denote that condition;

   d. Verified that excluded Class Members either did not file Claim Forms or were rejected upon review;

   e. Performed a final quality assurance audit of Claim Forms and all supporting documentation to ensure completeness of claims;

   f. Determined that all claims requiring Deficiency and/or Rejection Letters were sent such letters;

Page 9 of 19
Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

 g. Performed a sample review of deficient claims;

 h. Reviewed claims with dollar losses exceeding $600,000;

 i. Sampled claims that were determined to be ineligible, including those claims with a Claim Amount equal to zero, in order to verify that all transactions had been captured correctly;

 j. Performed auditing activities based on Claim Form completion requirements and the approved calculation specifications; and

 k. Tested the accuracy of the Claim Amount calculation program.

## RECOMMENDATION FOR APPROVAL AND REJECTION

30. As of March 1, 2007, A.B. Data has received a total of 14,343 KPMG Claim Forms and 12,088 FLV and Directors Claims Forms. Of these, 12,442 KPMG Claim Forms were received with a postmark on or before the KPMG deadline of March 31, 2005, 5,750 of which were valid. 10,134 FLV and Directors Claim Forms were received with a postmark on or before the FLV and Directors Claim Forms deadline of July 22, 2005, 4,386 of which were valid. 1,901 KPMG Claim Forms were received with a postmark after the KPMG deadline of March 31, 2005, 855 of which were valid. 1,954 FLV and Directors Claim Forms were received with a postmark after the FLV and Directors Claim Forms deadline of July 22, 2005, 933 of which were valid. No claim has been rejected because it was postmarked and received after the March 31, 2005 KPMG submission deadline or the July 22, 2005 FLV and Directors submission deadline, and A.B. Data believes no delay has resulted from the provisional acceptance of these claims. It is A.B. Data's opinion that when the equities are balanced, it would be unfair to prevent otherwise valid claims from participating in the Settlement distribution solely because they were submitted after the cut-off date, but while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve A.B. Data's administrative determination not to reject these claims.

31. The number of the accepted claims and their *pro rata* share of the Net Settlement Funds has been determined in accordance with the Plan of Allocation.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

32. The total Claim Amount of all accepted claims from the KPMG Settlement that suffered a loss is $538,973,287.51 (including $315,068,545.56 from valid and timely claims and $223,904,741.95 from valid claims submitted after the March 31, 2005 deadline). The total Claim Amount of all accepted claims from the FLV and Directors Settlements that suffered a loss is $435,381,334.94 (including $417,750,465.21 from valid and timely claims and $17,630,869.73 from valid claims submitted after the July 22, 2005 deadline).

33. Attached herewith as Exhibit N is a list of Claim Forms that demonstrate a Claim Amount equal to zero when calculated pursuant to the KPMG Plan of Allocation. Attached herewith as Exhibit O is a list of Claim Forms that demonstrate a Claim Amount equal to zero when calculated pursuant to the FLV and Directors Plan of Allocation. Each Claimant was mailed a letter advising that he, she or it is not entitled to a distribution according to the terms of the Plan of Allocation.

34. A.B. Data recommends that, because of the administrative time and effort associated with processing, printing, mailing, and reconciling checks, Claimants whose pro rata share from both the KPMG and the FLV and Directors Settlements whose claims are $10.00 or less in cash per claim should not be included in the distribution. Upon confirmation of this Court, these Claimants will receive a letter advising them that their *pro rata* share under the Plan of Allocation was $10.00 or less in cash, per claim and therefore their claim(s) will not be included in any distribution.

35. After deficiencies were processed and/or cured, a total of 7,738 KPMG claims and 6,769 FLV and Directors claims, as identified by the Claim Forms attached herewith as Exhibit P, were rejected in whole or in part for the following reasons:

    a. 4,197 KPMG and 3,661 FLV and Directors - Claim Amount equal to zero;

    b. 248 KPMG and 753 FLV and Directors - Duplicate claim;

    c. 3,292 KPMG and 2,354 FLV and Directors - Deficient claim never cured; and

    d. 1 KPMG and 1 FLV and Directors – Other deficiencies or exclusions.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

36. Of the Class Members who were sent Rejection Letters, A.B. Data has received objections from only 13 putative Claimants that could not be resolved. All of these Claimants (the "Contesters") seek the Court's review of the decision regarding their claim determination.

37. Claim Number 473759, for Jonathan Nelson[1], in the KPMG Settlement and Claim Number 483104, for Markus and Johann Pawlowski[2], in the FLV and Directors Settlement were rejected because they did not have a Recognized Claim because they acquired their L&H shares through the merger of L&H with Globalink, Inc. A copy of the Contesters' documentation, copies of correspondence with the Contesters, notifying them of rejection of their claims, and a copy of the letters requesting the Court's review of the claims are attached herewith as Exhibit Q. The relevant portion of the Class Definition provides as follows:

> If you purchased the common stock of Lernout & Hauspie Speech Products N.V. ("L&H") on the NASDAQ Stock Market or purchased L&H call options or sold put options on any United States-based options exchange (all such securities are collectively referred to herein as the "L&H Securities") between April 28, 1998 and November 9, 2000, inclusive (the "Class Period")

A.B. Data recommends, after reviewing all documentation, that Claim Number 473759, for Jonathan Nelson, in the KPMG Settlement and Claim Number 483104, for Markus and Johann Pawlowski, in the FLV and Directors Settlements be rejected because they did not purchase L&H common stock on a public market but, instead, acquired it, thus having a Recognized Claim of $0.

38. Claim Number 474763, for Jorge Inga, in the KPMG Settlement was rejected because it did not have a Recognized Claim according to Section 1C of the Plan of Allocation. A copy of the Contester's documentation, copies of correspondence with the Contester, notifying him of rejection of his claim, and a copy of the letter requesting the Court's review of the claim is attached herewith as Exhibit R. The relevant portion of the Plan of Allocation provides as follows:

> For shares of common stock purchased and sold between April 28, 1998 and November 9, 2000, inclusive, there shall be no Recognized Claim.

---

[1] This Claimant, Jonathan Nelson, submitted a claim in the KPMG Settlement only. *See* Exhibit Q1.
[2] These Claimants, Markus and Johann Pawlowski, submitted a claim in the FLV/Directors Settlements only. *See* Exhibit Q2.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

A.B. Data recommends, after reviewing all documentation, that Claim Number 474763, for Jorge Inga, in the KPMG Settlement be rejected because he has a Recognized Claim of $0.

39.  Claim numbers 477422, in the FLV and Directors Settlement for Dorthea Jensen[3], 89798, in the KPMG Settlement for The Technology Management Network, LLC PSP FBO Robert Abrahams[4], 471874, in the KPMG Settlement and 483075, in the FLV and Directors Settlement for Dale A Wheeler IRA Rollover[5], 87085, in the KPMG Settlement and 475812, in the FLV and Directors Settlement for The Seven H Trust, William Harrington Trustee[6], 490001, in the KPMG Settlement and 483147, in the FLV and Directors Settlement for Georges Zanellato[7], were rejected because according to the Plan of Allocation, they did not have a Recognized Claim, as there was an overall market gain on the transactions during the Class Period.  A copy of the Contesters' documentation, copies of correspondence with the Contesters, notifying them of rejection of their claims, and a copy of the letters requesting the Court's review of the claims are attached herewith as Exhibit S.  The relevant portion of the Plan of Allocation provides as follows:

> To the extent members of the Class realized a profit on their L&H transactions, they shall have no recognized Loss.
>
> In the event a Class Member has more than one purchase or sale of L&H common stock or options, all purchases and sales *within the Class Period* shall be match on a First In, First Out ("FIFO") basis.

A.B. Data recommends, after reviewing all documentation, that Claim numbers 477422, in the FLV and Directors Settlement, for Dorthea Jensen[8], 89798, in the KPMG Settlement, for The Technology Management Network, LLC PSP FBO Robert Abrahams[9], 471874, in the KPMG Settlement and 483075, in the FLV and Directors Settlement, for Dale A Wheeler IRA Rollover[10], 87085, in the

---

[3] This Claimant, Dorthea Jensen, submitted a claim in the FLV Settlement only. *See* Exhibit S1.
[4] This Claimant, The Technology Management Network, LLC PSP FBO Robert Abrahams, contested the rejection of his KPMG claim only. *See* Exhibit S2.
[5] *See* Exhibit S3.
[6] *See* Exhibit S4.
[7] *See* Exhibit S5.
[8] This Claimant, Dorthea Jensen, submitted a claim in the FLV Settlement only. *See* Exhibit S1.
[9] This Claimant, The Technology Management Network, LLC PSP FBO Robert Abrahams, contested the rejection of his KPMG claim only. *See* Exhibit S2.
[10] *See* Exhibit S3.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

KPMG Settlement and 475812, in the FLV and Directors Settlement, for The Seven H Trust, William Harrington Trustee[11], 490001, in the KPMG Settlement and 483147, in the FLV and Directors Settlement, for Georges Zanellato[12], be rejected because pursuant to this provision these Claim Numbers have a Recognized Claim of $0.

40. Claim number 483904, for Dr. Harald and Gisela Dombrowski, in the FLV and Directors Settlement [13], was rejected because it did not have a purchase of Lernout and Hauspie common stock on the NASDAQ Stock Exchange. A copy of the Contester's documentation, correspondence with the Contester, notifying them of rejection of their claim, and a copy of the Contester's letter requesting the Court's review of the claim is attached herewith as Exhibit T. The relevant portion of the Notice provides as follows:

> If you purchased the common stock of Lernout & Hauspie Speech Products N.V. ("L&H") on the NASDAQ Stock Market or purchased L&H call options or sold put options on any United States-based options exchange (all such securities are collectively referred to herein as the "L&H Securities") between April 28, 1998 and November 9, 2000, inclusive (the "Class Period").

A.B. Data recommends, after reviewing all documentation, that Claim Number 483904, for Harald and Gisela Dombrowski, in the FLV and Directors Settlement be rejected because it does not fit in the class definition, as they did not have a purchase of common stock on the NASDAQ Stock Market during the Class Period. Therefore, pursuant to this provision, Claim Number 483904, for Harald and Gisela Dombrowski, has a Recognized Claim of $0.

41. Claim Numbers 474258, in the KPMG Settlement, for Matthew Spear[14], 484101, in the FLV and Directors Settlement, for Walter De Schutter[15], 471653, in the KPMG Settlement, and 485210, in the FLV and Directors Settlement, for Georges Waeyaert[16], 485210, for Georges Waeyaert[17], were rejected because they failed to adequately cure their deficient claims. A copy of the Contesters'

---

[11] *See* Exhibit S4.
[12] *See* Exhibit S5.
[13] This Claimant, Dr. Harald and Gisela Dombrowski, submitted a claim in the FLV Settlement only.
[14] This Claimant, Matthew Spear, submitted a claim in the KPMG Settlement only. See Exhibit U1.
[15] This Claimant, Walter De Schutter, contested the rejection of his FLV claim only. See Exhibit U2.
[16] *See* Exhibit U3.

Page 14 of 19
Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

documentation, copies of correspondence with the Contesters, notifying them of rejection of their claims, and a copy of the letters requesting the Court's review of the claims are attached herewith as Exhibit U. The instructions for submitting a Proof of Claim and Release form provides as follows:

> 3. I have set forth, where requested below, all relevant information with respect to each purchase and sale of L&H common stock, call options and put option during the Class Period. I agree to furnish additional information (including transactions in other L&H securities) to the Claims Administrator to support this claim if I am requested to do so.
>
> 4. I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of L&H common stock or options listed below in support of my claim. *(IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)*
>
> 5. I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

A.B. Data sent Deficiency Letter 1, beginning on February 24, 2004 to all of these Claimants and each was given twenty days to cure their deficiencies. They were then sent Rejection Letter 4 for the KPMG Settlement and Rejection Letter 3 for the FLV and Directors Settlement notifying them that they were rejected for failure to cure their deficiencies. A.B. Data recommends, after reviewing all documentation, that Claim Numbers 474258, in the KPMG Settlement, for Matthew Spear, 484101, in the FLV and Directors Settlement, for Walter De Schutter, 471653, in the KPMG Settlement and 485210, in the FLV and Directors Settlement, for Georges Waeyaert, be rejected for failure to cure their deficiencies because the correct information required to correctly process their claim was never provided.

---

[17] *See* Exhibit U3.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

42.     Claim Number 507698, for The Technology Management Network, LLC PSP FBO Robert Abrahams[18], in the KPMG Settlement was rejected because it was a duplicate of Claim Number 89798, for The Technology Management Network, LLC PSP FBO Robert Abrahams, that was also submitted for the KPMG Settlement, as discussed in Paragraph 40 above.[19] Claim Number 89798 contained the exact same transactions that were in 507698.  A copy of the Contester's documentation for Claim Number 507698 and 89798 and a copy of the letter requesting the Court's review of the claim is attached herewith as Exhibit V.  A.B. Data recommends, after reviewing all documentation, that Claim Number 507698, for The Technology Management Network, LLC PSP FBO Robert Abrahams, in the KPMG Settlement be rejected because it is a duplicate.

43.     A.B. Data has made sufficient effort to contact and assist Contesters who have objected in reconciling their claims.  Five Contesters had invalid telephone numbers and were sent Follow-up Letter 3, attached herewith as Exhibit W, in an attempt to have them contact A.B. Data to discuss their claim.  Of these, three Contesters did not contact A.B. Data to discuss their claim.

44.     Attached herewith as Exhibit X is a computer printout listing all of the Claim Forms filed in the KPMG and FLV and Directors Action.  The first portion of the printout lists all of the valid and timely-filed KPMG claims and shows each KPMG Claimant's Claim Amount.  The second portion of the printout lists all KPMG claims that were valid but submitted after the March 31, 2005 deadline and shows each Claimant's Claim Amount.  The third portion of the printout lists all of the valid and timely-filed FLV and Directors claims and shows each Claimant's FLV and Directors Claim Amount.  The fourth portion of the printout lists all FLV and Directors claims that were valid but submitted after the July 22, 2005 deadline and shows each Claimant's FLV and Directors Claim Amount.

45.     Attached herewith as Exhibit Y is a computer printout listing is a list of the rejected KPMG claims and shows the reasons why each KPMG claim was rejected.  In addition, the last portion of the

---

[18] This Claimant, The Technology Management Network, LLC PSP FBO Robert Abrahams, contested the rejection of his KPMG claim only.
[19] *See also* Exhibit S2.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

printout contains a list of the FLV and Directors rejected claims and shows the reasons why each FLV and Directors claim was rejected.

46. A.B. Data has spent the time necessary to do a thorough job of processing the claims to protect the interests of the Class as a whole. No claims were rejected out-of-hand and adequate time was spent in communicating with Class Members and suggesting appropriate ways that he, she or it could document his, her or its claim and participate in the Settlements. Telephone calls and written letters from Claimants to A.B. Data were courteously handled. Class Members were assisted to the fullest extent possible. Your affiant believes the professional attitude and work product of A.B. Data were of the highest quality.

47. In order to effectuate the final distribution of the Net Settlement Funds, it is respectfully requested that this Court release and discharge all persons who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed in this case, or who are otherwise involved in the administration or taxation of the Settlement Funds, or the Net Settlement Funds from any and all claims arising out of such involvement, and, pursuant to the Release Terms of the Settlement, bar all Class Members, whether or not they are to receive payment from the Net Settlement Funds, from making any further claim against the Net Settlement Funds or the Released Parties beyond the amount allocated to them by the Settlements as approved by the Court.

48. It is respectfully requested that the Court enter an Order approving the above determinations accepting and rejecting the claims filed herein. If the Court grants this motion, A.B. Data will undertake the following tasks:

    a. Prepare checks and check registers, and mail checks by prepaid First Class Mail;

    b. Issue replacement checks upon request by payee;

    c. Mail rejection letters to Claimants whose *pro rata* distribution amount is $10.00 or less in cash; and

    d. Answer inquiries about claim calculations and checks.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

## REMAINING FUNDS

49.   In the event that any funds remain one year from distribution of the Net Settlement Funds to Authorized Claimants, after payment of claims administration costs as requested herein and after A.B. Data has made reasonable and diligent efforts to contact Claimants who have not cashed their checks, A.B. Data respectfully requests to:

    a.   if cost-effective, re-distribute the remaining funds on a *pro rata* basis to the Class Members who cashed his, her or its initial distribution check and who would receive at least $10.00 from such re-distribution and, six months after any such re-distribution, donate any funds remaining in the Net Settlement Funds to a charity to be determined; or

    b.   if re-distribution described in paragraph 49(a) is not cost-effective, donate any remaining funds in the Net Settlement Funds to a charity to be determined.

## FEES AND DISBURSEMENTS

50.   In consideration of payment of its standard fees, subject to this Court's approval, A.B. Data incurred or will incur a total of $1,127,117.14 in Notice and Administration Costs, $79,545.00 of which are fees and expenses to be incurred in connection with the distribution of the Settlement Funds. A.B. Data has already received payment of $465,000.00 from the Settlement Funds. $662,117.14 remains to be paid. A.B. Data respectfully requests the Court to authorize payment of the full amount of this outstanding balance. The outstanding fees and expenses due to A.B. Data are shown on the invoices attached herewith as Exhibit Z.

## RECORDS RETENTION AND DESTRUCTION

51.   A.B. Data requests that the Court enter an Order authorizing A.B. Data to destroy the paper copies of the Claim Forms one year after distribution of the Net Settlement Funds and to destroy electronic copies of claim records three years after the distribution of the Net Settlement Funds.

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts

## CONCLUSION

52.  For the foregoing reasons, it is respectfully requested that this Court enter an Order:

   a.  Approving A.B. Data's administrative determinations accepting and rejecting claims;

   b.  Approving the requests for exclusion as valid;

   c.  Excluding the Claimants whose *pro rata* Claim Amount was less than $10.00 or less in cash;

   d.  Approving the plan for any remaining funds following the initial distribution to Authorized Claimants;

   e.  Authorizing payment to A.B. Data in the amount of $662,117.14 for its fees and expenses incurred and to be incurred in connection with giving notice to the Class, processing the claims and administering and distributing the Net Settlement Fund;

   f.  Authorizing distribution of the Net Settlement Fund to the Authorized Claimants; and

   g.  Authorizing destruction of paper copies of Claim Forms and electronic copies of claim records as set forth herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5 day of March, 2007, at Milwaukee, Wisconsin.

_____
Anya Verkhovskaya

SUBSCRIBED and SWORN before me on the ___ day of March, 2007.

_____
[Notary signature]
My Commission expires on 4/25/2010

Page 19 of 19

Affidavit of Anya Verkhovskaya

*In re Lernout & Hauspie Securities Litigation*, Civil Action No. 00-11589 (PBS), United States District Court District of Massachusetts